# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**BECHARA BADR**
**Individually on His Own Behalf**

and

**CHAFICA SLEIMAN BADR**
**Individually on Her Own Behalf**

and

**CHEDID ELIAS BADR**
**Individually On His Own Behalf**

and

**ELIAS BADR**
**Individually On His Own Behalf**

and

**HANANE BADR**
**Individually on Her Own Behalf**

and

**JACK BADR**
**Individually On His Own Behalf**

and

**MIREILLE BADR**
**Individually on Her Own Behalf**

and

**RANIA BADR**
**Individually on Her Own Behalf**

and

**DANIEL YOUSSEF MASSOUD**
**Individually On His Own Behalf**

**and**

**BOUTROS YOUSSEF MASSOUD**
**Individually on His Own Behalf**

**and**

**LOULOU YOUSSEF MASSOUD**
**Individually on Her Own Behalf**

**and**

**PAULINE YOUSSEF MASSOUD**
**Individually On Her Own Behalf**

**and**

**ROULA YOUSSEF MASSOUD**
**Individually on Her Own Behalf**

**and**

**WALINA BOUTROS EL KHOURY MASSOUD**
**Individually on Her Own Behalf**

**and**

**YOUSSEF BOUTROS MASSOUD**
**Individually on His Own Behalf**

**and**

**ESTATE OF JOSEPH EL KHOURY**
**By Mireille Fares, Legal Representative**

**and**

**MIREILLE FARES**
**Individually on Her Own Behalf**

      **Plaintiffs,**

      **v.**　　　　　　　　　　　　　　**Civil No.** _____

**ISLAMIC REPUBLIC OF IRAN**
**Ministry of Foreign Affairs**
**Khomeini Avenue**
**United Nations Street**
**Tehran, Iran**

**and**

**IRANIAN MINISTRY OF INFORMATION**
**AND SECURITY**
**Pasdaran Avenue**
**Golestan Yekom**
**Tehran, Iran**

      **Defendants.**

## COMPLAINT

      Plaintiffs, by and through undersigned counsel, bring this action seeking damages arising out of the terrorist attack on a U.S. Embassy vehicle in Beirut, Lebanon, on January 15, 2008. Plaintiffs allege alleges that Defendants, the Islamic Republic of Iran and its agency and instrumentality the Ministry of Information and Security (MOIS) were responsible for the terrorist attack. Plaintiffs are legally entitled to assert a claim under the District of Columbia Wrongful Death Act, the District of Columbia Survival Act, and the Foreign Sovereign Immunities Act (28 U.S.C. §§ 1602 et seq.), as amended by §1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181.

## JURISDICTION AND VENUE

(1) This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A, which create subject matter and personal jurisdiction for civil actions for wrongful death and personal injury against state sponsors of terrorism and their officials, employees, and agents.

(2) The Court exercises *in personam* jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. §1605A.

(3) Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the U.S. District Court for the District of Columbia.

(4) 28 U.S.C. § 1605A(c) provides a federal private right of action against a foreign state that is or was a state sponsor of terrorism, and also against any official, employee or agent of that foreign state while acting within the scope of his or her office, employment or agency, for wrongful death, personal injury and related torts caused by an act of torture or extrajudicial killing, or the provision of material support and resources for such acts. This cause of action is available to U.S. nationals and foreign national employees of the U.S. government who were killed or injured while acting within the scope of their employment.

(5) Wherever the common or statutory law of a Plaintiff's residence contains rights or makes further damages available that are not duplicative of the recovery afforded under 28 U.S.C. § 1605A(c), Plaintiffs have causes of action under the common or statutory law of the U.S. state or foreign country where they were domiciled at the time of the attack.

## THE PARTIES

### Plaintiffs

(6)     Plaintiffs in this case are foreign nationals who were employed by the U.S. government at the time of the attack and suffered injuries or death as a result of the attack, and their immediate family members.

(7)     Plaintiff Bechara Badr was injured by an act of "torture" as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the January 15, 2008 attack on the U.S. Embassy vehicle in Beirut, Lebanon. Bechara Badr was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Bechara Badr brings claims for assault and battery, pain and suffering, loss of solatium, and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(8)     Plaintiff Chafica Sleiman Badr is the mother of Bechara Badr.  Chafica Sleiman Badr was, at the time of the acts alleged herein, a citizen of both the United States and Lebanon and was domiciled in Michigan. Chafica Sleiman Badr brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Michigan.

(9)     Plaintiff Chedid Elias Badr is the father of Bechara Badr.  Chedid Elias Badr was, at the time of the acts alleged herein, a citizen of Lebanon with resident alien status in the United States, and was domiciled in Michigan. Chedid Elias Badr brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Michigan.

(10)    Plaintiff Elias Badr is the brother of Bechara Badr.  Elias Badr was, at the time of the acts alleged herein, a citizen of both the United States and Lebanon and was domiciled in Michigan. Elias Badr brings claims for loss of solatium and intentional infliction of emotional distress

pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Michigan.

(11)     Plaintiff Hanane Badr is the sister of Bechara Badr.  Hanane Badr was, at the time of the acts alleged herein, a citizen of both the United States and Lebanon and was domiciled in Michigan. Hanane Badr brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, or Michigan.

(12)     Plaintiff Jack Badr is the brother of Bechara Badr.  Jack Badr was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Jack Badr brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(13)     Plaintiff Mireille Badr is the sister of Bechara Badr.  Mireille Badr was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Mireille Badr brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(14)     Plaintiff Rania Badr is the sister of Bechara Badr.  Rania Badr was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Rania Badr brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(15)     Plaintiff Daniel Youssef Massoud was injured by an act of "torture" as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the January 15, 2008 attack on the U.S. Embassy vehicle in Beirut, Lebanon. Daniel Youssef Massoud was, at the time of the acts alleged herein, a Lebanese

citizen domiciled in Lebanon. Daniel Youssef Massoud brings claims for assault and battery, pain and suffering, loss of solatium, and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(16)  Plaintiff Boutros Youssef Massoud is the brother of Daniel Youssef Massoud. Boutros Youssef Massoud was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. He brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(17)  Plaintiff Loulou Youssef Massoud is the sister of Daniel Youssef Massoud. Loulou Youssef Massoud was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Loulou Youssef Massoud brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(18)  Plaintiff Pauline Youssef Massoud is the sister of Daniel Youssef Massoud. Pauline Youssef Massoud was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Pauline Youssef Massoud brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(19)  Plaintiff Roula Youssef Massoud is the sister of Daniel Youssef Massoud. Roula Youssef Massoud was, at the time of the acts alleged herein, a Lebanese citizen domiciled in France. Roula Youssef Massoud brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia, France, or Lebanon.

(20) Plaintiff Walina Boutros el Khoury Massoud is the mother of Daniel Youssef Massoud. Walina Boutros el Khoury Massoud was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Walina Boutros el Khoury Massoud brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(21) Plaintiff Youssef Boutros Massoud is the father of Daniel Youssef Massoud. Youssef Boutros Massoud was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Youssef Boutros Massoud brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(22) Plaintiff Joseph el Khoury, now deceased, was killed by an act of "extrajudicial killing" as defined in 28 U.S.C. §§ 1605A(a) and 1605A(h)(7), and pursuant to the Torture Victims Protection Act, 28 U.S.C. §1350, in connection with the January 15, 2008 attack on the U.S. Embassy vehicle in Beirut, Lebanon. Joseph el Khoury was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. The Estate of Joseph el Khoury is represented by Mireille Fares as legal representative for the purposes of this lawsuit. Mireille Fares, on behalf of the Estate of Joseph el Khoury, bring survival claims for loss of solatium and intentional infliction of emotional distress pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon.

(23) Plaintiff Mireille Fares is the widow of Joseph el Khoury. Mireille Fares was, at the time of the acts alleged herein, a Lebanese citizen domiciled in Lebanon. Mireille Fares brings claims for loss of solatium and intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, the laws of the District of Columbia or Lebanon


...


**Defendants**

(24)    Defendant the Islamic Republic of Iran is a foreign sovereign state. Iran is now and has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C.A. § 2405(j)) and Section 620A of the Foreign Assistance Act of 1961 (22 § U.S.C. 2371) since January 19, 1984.

(25)    Defendant the Iranian Ministry of Information and Security (MOIS) functions as the Iranian Intelligence Service and, in this capacity, as an agent of Iran. The MOIS has been found to be an instrumentality of Iran for purposes of liability and damages under the Foreign Sovereign Immunities Act.

(26)    With a large budget and extensive organization, the MOIS is one of the most powerful ministries in the Iranian government. The MOIS is responsible for intelligence collection used to support terrorist operations and for liaison activities with supported terrorist groups including Hezbollah.

(27)    Pursuant to 28 U.S.C. § 1605A(c), Defendant Iran is vicariously liable for the acts of its officers, employees, or agents, including those of MOIS.

**FACTUAL ALLEGATIONS**

**The January 15, 2018 Attack on the U.S. Embassy in Beirut, Lebanon**

(28)    Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel.

(29)    At all times relevant to this action, Hezbollah was being given extensive support by these Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon.

(30)    At the time of the acts which give rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guard units within Lebanon.

(31)    In February 2005, the assassination of former Lebanese Prime Minister Rafik Hariri in Beirut triggered widespread protests, violence, and political tensions between the U.S.-backed majority coalition and the Hezbollah-led opposition group, backed by Iran and Syria. Over the next three years, a series of bombings and assassinations, predominantly directed at politicians and journalists who opposed Hezbollah and Syria, perpetuated the political and social unrest in Beirut.

(32)    In November 2007, pro-Syrian President Emile Lahoud stepped down when his term ended. The position went unfilled for months as the U.S.-backed majority party, led by Prime Minister Fouad Siniora, remained locked in a battle with the Hezbollah-led opposition over the election of a new president.

(33)    In December 2007, Brigadier General Francois Al-Hajj, head of operations for the Lebanese army and rumored replacement for former President Lahoud, was killed in an explosion, further intensifying the political crisis.

(34)    The United States issued warnings of mounting evidence that Syria, Iran, and Hezbollah were planning to topple the Lebanese government. Hezbollah called the U.S. support of Prime

---

[1] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most

Minister Siniora's government a "blatant interference" in Lebanon's internal affairs and telling Hezbollah followers to be "psychologically" ready for protests.

(35)     On January 5, 2008, President George W. Bush promised in a widely-viewed interview that he would defend Israel against an Iranian strike.  The interview came in advance of his visit to Israel on January 9, 2008, which was the first stop on week-long tour of the Middle East. The tour, which did not include Lebanon, was viewed by Hezbollah as an effort to generate support for the U.S.'s anti-Iran and anti-Hezbollah coalition. Hezbollah leadership denounced the visit as a "black day" for the region.

(36)     On the afternoon of January 15, 2008, Plaintiffs Daniel Youssef Massoud and Bechara Badr were traveling in an armored Suburban sport utility vehicle belonging to the U.S. Embassy in Beirut. Plaintiffs were employed by the U.S. government as security personnel. They were returning to the U.S. Embassy in the Aoukar neighborhood of Beirut after transporting an American Embassy visitor to the airport. Plaintiff Daniel Youssef Massoud was driving and Plaintiff Bechara Badr was the Bodyguard in Charge of the motorcade.

(37)     After passing downtown Beirut, Plaintiffs followed the route they were instructed to follow along what is commonly referred to as the Sea Road.

(38)     Shortly after their vehicle entered onto the Sea Road, at approximately 4:35 p.m. on Tuesday, January 15, 2008, an explosive device, believed to have been placed in a grey 1980 Honda Civic automobile, was detonated.

(39)     A column of smoke went up into the sky, tearing masonry from buildings, shattering windows, and destroying at least six cars.

---

common. The organization also refers to itself in some publications as the "Party of God".

(40) The car behind the U.S. Embassy vehicle, a BMW carrying two Lebanese men, took the brunt of the explosion. Both men were killed in the attack, including Plaintiff Joseph el Khoury, now deceased. A Syrian national traveling behind the BMW on a scooter was also killed. In total, three civilians were killed and at least twenty-six passersby and shop workers were wounded.

(41) Plaintiffs Daniel Youssef Massoud and Bechara Badr were taken to St. Joseph's Hospital where they were treated for their injuries.

(42) The U.S. Ambassador to Lebanon, Jeffrey Feltman, was scheduled to appear that evening at a reception in downtown Beirut. The site of the explosion was on a road that the U.S. Embassy vehicle convoy would have had to take to reach the site of the reception.

(43) The targeted vehicle was one of the U.S. Embassy vehicles that routinely scouted roads before U.S. diplomats traveled on them. The vehicle was easily identifiable as a U.S. Embassy vehicle because the U.S. Embassy had the only vehicles of this type and model in Beirut at the time.

(44) Following the attack, Hezbollah sources indicated that the attack was carried out as a "low key" action directed at the United States.

(45) The provision of extensive economic support by the Defendants to Hezbollah was necessary for the organization to carry out the terrorist attack of January 15, 2008.

(46) The attack on January 15, 2008, was funded by the Defendants, the Islamic Republic of Iran and MOIS, acting through its satellite terrorist organization, Hezbollah.

(47) The actions of the agents of the Defendants as above set forth constituted acts of torture, extrajudicial killing and the provision of material resources for these acts as defined in 18 U.S.C. § 2339A.

## COUNT I
## 28 U.S.C. 1605A(c), PRIVATE RIGHT OF ACTION

(48)    Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(49)    Iran was a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i). Defendants and their agents were acting within the scope of their office, employment, or agency in committing the acts alleged herein, including planning and carrying out the terrorist attack on the U.S. Embassy vehicle in Beirut, Lebanon, on January 15, 2008.

(50)    As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, Plaintiffs suffered, *inter alia*, death, physical pain and suffering, mental anguish, emotional pain and suffering, and/or economic losses resulting from Defendants' acts.

(51)    Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs, who are foreign national employees of the U.S. Government and their family members, may assert a cause of action against Defendants for personal injury or death that was caused by an act of extrajudicial killing or the provision of material support or resources for such an act, if performed or provided by an official, employee, or agent of Defendants while acting within the scope of his or her office, employment, or agency.

(52)    Accordingly, as a result of Defendants' actions, Plaintiffs seek compensatory damages.

WHEREFORE, Plaintiffs demand that judgment be entered, jointly and severally, against Defendants in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00).

## COUNT II
## FOR ASSAULT AND BATTERY and PAIN AND SUFFERING

(53)     Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(54)     As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, Plaintiffs Daniel Youssef Massoud and Bechara Badr suffered severe and permanent injuries, including severe lacerations which have resulted in permanent and severe post-traumatic stress disorder. The explosion was intended to cause harmful contact with the Plaintiffs and put them in reasonable apprehension of imminent battery. These injuries were caused by a willful and deliberate act of persons who had been materially assisted by Defendants for the purpose of inflicting physical injuries upon Plaintiffs and others. Those persons were at all times acting with the material support of the Defendants and with the concurrence of Defendants, the Islamic Republic of Iran and MOIS.

(55)     As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, the Plaintiffs have been required to undergo extensive medical treatment, nursing care, and other treatment, for which they have been required to expend funds and have endured great pain and suffering.

WHEREFORE, Plaintiffs each demand judgment be entered, jointly and severally, against the Defendants, the Islamic Republic of Iran and MOIS, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT III
## FOR LOSS OF SOLATIUM AND/OR CONSORTIUM

(56)     Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(57)   As a direct consequence of the willful, wrongful, intentional and reckless acts of Defendants, the Plaintiffs and their family members suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship of the victims.

(58)   Accordingly, the Plaintiffs and their family members bring claims for loss of solatium and/or loss of consortium against Defendants pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, France, or Michigan.

WHEREFORE, Plaintiffs each demand judgment be entered, jointly and severally, against the Defendants, the Islamic Republic of Iran and MOIS, in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00), besides costs.

## COUNT IV
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(59)   Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(60)   Members of Hezbollah, as directed by Defendants, willfully, violently, and forcefully caused a roadside explosive device targeting the U.S. Embassy vehicle to detonate on January 15, 2008, causing severe injuries and death.

(61)   The act of detonating the explosive device constituted extreme and outrageous conduct on the part of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent the MOIS.

(62)   As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hezbollah members, whose acts were funded and directed by the Defendants, Plaintiffs suffered severe emotional distress, entitling each to compensatory damages.

(63)   Each Plaintiff may assert a cause of action for intentional infliction of emotional distress against Defendants in connection with the willful, wrongful, intentional, and reckless actions of Hezbollah actions. Such cause of action may be asserted pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia, Lebanon, France, or Michigan.

WHEREFORE, Plaintiffs each demand judgment against the Defendants, the Islamic Republic of Iran and MOIS, in the amount of ONE HUNDRED MILLION DOLLARS ($100,000,000.00), besides costs.

### COUNT V
### FOR PUNITIVE DAMAGES

(64)   The actions described above were carried out with the material support, knowledge, and assistance of the Defendants, the Islamic Republic of Iran and MOIS. The actions were malicious, willful, unlawful, and in wanton disregard of life and the standards of law that govern the actions of civilized nations.

(65)   The personal injuries, loss of life, and resulting damages, as described above, were intended as a result by each Defendant. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants.

(66)   In accordance with the provisions of 28 U.S.C. §1605A(c), each Plaintiff is thereby entitled to punitive damages.

(67)   Defendants are vicariously liable for the actions of those agents, officials and employees who supported and carried out the attack within the scope of their office as described above.

WHEREFORE, Plaintiffs pray that judgment be entered, jointly and severally, against the Islamic Republic of Iran and MOIS, on behalf of each decedent and each surviving plaintiff, in the amount of THREE HUNDRED MILLION DOLLARS ($300,000,000.00), besides costs.

Date: January 29, 2018  Respectfully submitted,

FAY LAW GROUP, PA

_Caragh Fay_
Caragh Glenn Fay (Bar No. 16955)
777 Sixth Street, NW, Suite 410
Washington, DC 20001
(202) 589-1300
Caragh.Fay@faylawgroup.com

*Attorney for Plaintiffs*